BGW#: 25739

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
*Baltimore Division*

| | |
|---|---|
| IN RE: <br> MARILYN ELIZABETH HOWARD <br>    Debtor | Case No. 04-38858-DK <br><br> Chapter 13 |
| MARILYN ELIZABETH HOWARD <br>    Plaintiff <br> vs. <br> U.S.BANK N.A. AS TRUSTEE <br> c/o LITTON LOAN SERVICING, LP <br>    Defendant | Adv. No.: 06-01353-DK |

## MOTION TO DISMISS

Comes Now Defendant, U.S. Bank N.A. as Trustee c/o Litton Loan Servicing, LP ("Litton") by and through the undersigned counsel and moves pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing Marilyn Elizabeth Howard's ("Plaintiff") Complaint with prejudice for following reasons:

1) Plaintiff's TILA, HOEPA and Regulation Z claims are barred by the applicable Statute of Limitations;

2) Plaintiff's claims fail to state a cause of action;

3) The allegations concerning Fraud and Misrepresentation were not properly pled.

The reasons for this motion are set out in the attached Memorandum and Authorities in Support of said Motion.

Respectfully submitted,
**Bierman, Geesing & Ward, LLC**

1

    */s/ Gene Jung, Esq.*
Gene Jung, Esq.

    */s/ John P. Panteleakis, Esq.*
John P. Panteleakis, Esq.
4520 East West Highway, Suite 200
Bethesda, MD  20814
(301) 961-6555
*Attorneys for the Defendant*

## CERTIFICATE OF SERVICE

I certify that on this 5th day of May, 2006, to the extent that the following person(s) were not served electronically via the CM/ECF system, I mailed a copy of the foregoing Motion to Dismiss, by first class, postage prepaid, to:

Robert Grossbart, Esq.
One North Charles St.
Blaustein Bldg., Suite 1214
Baltimore, MD  21201

Gerard R. Vetter, Trustee
7310 Ritchie Highway
Suite 715
Glen Burnie, MD 21061-3293

Marilyn Elizabeth Howard
4512 Spring Avenue
Halethorpe, MD  21227

Roy Bostick
4512 Spring Avenue
Halethorpe, MD  21227

Marilyn Elizabeth Howard
1130 Dorchester Avenue
Woodlawn, MD  21207

Roy Bostick
1130 Dorchester Avenue
Woodlawn, MD  21207

    */s/ Gene Jung, Esq.*
Gene Jung, Esq.

BGW#: 25739

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
*Baltimore Division*

IN RE:  
MARILYN ELIZABETH HOWARD

   Debtor

Case No. 04-38858-DK

Chapter 13

___

MARILYN ELIZABETH HOWARD

   Plaintiff

vs.

U.S. BANK N.A. AS TRUSTEE  
c/o LITTON LOAN SERVICING, LP

   Defendant

Adv. No.: 06-01353-DK

___

## MEMEORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

   I.    INTRODUCTION

Marilyn Howard ("Plaintiff") filed this adversary action in a pleading entitled "Motion to Adjudicate and Modify Predatory Loan" on or about April 7, 2006 pro se. The controversy arises from a loan transaction that took place in 1996, which is over ten years ago. As will be shown, the Plaintiff is alleging Truth in Lending Act ("TILA"), Home Ownership Equity Protection Act ("HOEPA") and Regulation Z claims that are far outside the statute of limitations and otherwise allege matters that fail to state a claim.

   II.    BACKGROUND

Plaintiff currently owns a parcel of real estate located in Anne Arundel County, Maryland and improved by a residence known as 4512 Spring Street, Halethorpe, Maryland 21227 (the "Property"). The Deed of Trust in the original amount of $94,250.00 ("subject DOT") dated April 12, 1996 was granted by the Plaintiff to Steven J. Thompson of Fairfax County, Trustee, securing Mortgage Edge Corporation (original

3

lender) and recorded on May 3, 1996 in liber 11564, folio 196 in the land records of Anne Arundel County, Maryland.  A copy of this Deed of Trust and the Note is attached hereto as <u>Exhibit A</u> and <u>Exhibit B</u> respectively.  This is a closed-ended credit transaction.  The subject DOT is currently being serviced by Litton Loan Servicing, LP on behalf of the secured party, US Bank National Association, as Trustee.  The Plaintiff defaulted under the terms of a the subject DOT and on or about December 27, 2004, she filed a voluntary petition in this Court under Chapter 13 of the United States Bankruptcy Code.

Plaintiff's complaint alleges violations of 15 U.S.C. §1639(c)-(h) of TILA, HOEPA, Regulation Z and §13-316.5(c)(2) of the Maryland Consumer Protection Act.  Furthermore, Plaintiff alleges that Litton either intentionally or negligently inflicted emotional distress based on fraud and misrepresentation.  Additionally, the action herein requests that the balloon payment due to Litton pursuant to the Promissory Note be "stripped off" or "crammed down."  Each allegation is addressed in turn, infra.

### THE TILA , HOEPA & REGULATION Z CLAIMS ARE BARRED BY THE LAPSE OF APPLICABLE STATUTE OF LIMITATIONS

The applicable statute of limitations to bring an action under TILA is one (1) year.  According to 15 U.S.C.A. § 1640(e), "[a]ny action under this section may be brought in any United States District Court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."  Several cases have held that the statute begins to run upon the execution of the loan contract or the extension of credit.  See *Munson v. Orrin E. Thompson Homes, Inc*., 395 F.Supp 152 (DC Minn. 1974.); *Fenton v. Citizens Sav. Asso*., 400 F.Supp 874 (DC Mo. 1975.); *Stevens v. Rock Springs Nat. Bank*, 497 F.2d 307 (CA10 Wyo. 1974.)  Settlement on the loan in question occurred on April 12, 1996.  In the instant case, the Plaintiff, along with the co-borrower, signed a

Federal Truth-In-Lending Disclosure Statement ("TILA Statement") on April 12, 1996. Attached hereto as <u>Exhibit C</u>. Plaintiff attaches this TILA statement as an exhibit to her complaint. Plaintiff alleges TILA violations in regards to a loan transaction that was completed over ten years ago in 1996. Therefore, Plaintiff would have had to make this TILA claim no later than April 12, 1997. This claim was filed nine (9) years too late.

The HOEPA statute of limitations statute can also be found at 15 U.S.C.A. §1640(e). Again, the statute of limitations for these types of violations is one year. The inception of this loan is May 3, 1996. The statute of limitations expired for this type of claim on May 4, 1997. It is now May of 2006.

The Plaintiff asserts in her complaint that she wishes to rescind the loan and further states that she did not receive written notice of that right. Litton asserts that the Plaintiff did receive all of the notices required under TILA and HOEPA so her right to rescind expired three (3) days after the loan transaction was consummated. However, even if the written notice of the right to rescind was not provided to the Plaintiff by the original lender, Plaintiff's right to invoke rescission of the loan expired in 1999. According to 15 U.S.C.A §1635(f), the right of a consumer to rescind a consumer transaction is three (3) years from the date of the loan transaction, regardless of whether the consumer received his or her written disclosure. The statute provides, "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor."

The Plaintiff's allegations that violations under Regulation Z occurred are also

barred by the applicable statute of limitations.  12 C.F.R. § 226.23(a)(3) states that:

> [T]he consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with of the act.

Therefore, while Litton asserts that all of the required disclosures had been made to the Plaintiff, even if they had not, Plaintiff's right to rescind under 12 C.F.R. § 226.23 expired in 1999.

Consequently, those claims filed under TILA, HOEPA and Regulation Z should be stricken and dismissed with prejudice due to the bar imposed by the statute of limitations.

### DISCLOSURES PURSUANT TO TITLE 15 U.S.C. §1639 ARE INAPPLICABLE TO PLAINTIFF'S LOAN

Plaintiff asserts that Litton violated 15 U.S.C.A. §1639 due to a lack of disclosures during the time of the origination of the loan.  The complaint states that Plaintiff did not receive a notice advising that "he did not need to enter in the loan, and if that if he does enter the loan, he could lose his home and any money he has put in it.  15 U.S.C. §1639(a)."  However, the Plaintiff's loan was not a transaction which required such notices since the loan was a residential mortgage transaction.

> In addition to other disclosures required under this subchapter, for each mortgage referred to in *section 1602(aa)* of this title, the creditor shall provide the following disclosures in conspicuous type size:
> **(A)** "You are not required to complete this agreement merely because you have received these disclosures or have signed a loan application."
> **(B)** "If you obtain this loan, the lender will have a mortgage on your home.

6

>You could lose your home, and any money you have put into it, if you do not meet your obligations under the loan." (emphasis added).

15 U.S.C. §1639(a).

15 U.S.C.A. § 1602(aa)(1) states, **"**[a] mortgage referred to in this subsection means a consumer credit transaction that is secured by the consumer's principal dwelling, *other than a residential mortgage transaction****....****"* (emphasis added).  15 U.S.C.A. § 1602 (w) defines the term "residential mortgage transaction" as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling."

In this case, the loan in question was consummated in April of 1996 so the Plaintiff could acquire her interest in the property.  This was not a refinance loan.  Plaintiff became an owner of the property just days after the transaction was consummated.  Attached hereto as <u>Exhibit D</u> is a record from the State Department of Assessments and Taxation showing that the deed transferring an interest in the property to Plaintiff was recorded on May 3, 1996.  Therefore, since the loan qualifies as aresidential mortgage transaction, the additional disclosures normally required under 15 U.S.C. §1639(a) were not required and this count should be dismissed with prejudice.

## **DISMISSAL OF FRAUD AND MISREPRESENTATION**

Plaintiff has failed set forth in her Complaint the necessary elements to establish fraud or misrepresentation.  *See Alleco v. The Henry and Jeanette Weinberg Foundation*, 340, Md. 176, 665 A.2d 1038 (1995).  To properly plead the cause of action known as intentional misrepresentation or fraud, the plaintiff must allege that, (1) Defendant asserted a false representation of a material fact to the Plaintiff; (2)  Defendant knew that

7

the representation was false, or the representation was made with such reckless disregard for the truth that knowledge of falsity of the statement can be imputed to the defendant; (3) Defendant made the false representations for the purpose of defrauding the plaintiff; (4) Plaintiff relied with justification upon the misrepresentation and; (5) Plaintiff suffered damages as a direct result of the reliance upon the misrepresentation. *Alleco v. The Harry and Jeanette Weinberg Foundation,* 340 Md. 176, 665 A.2d 1038 (1995); *Gross v. Sussex, Inc.*, 332 Md. 247, 630 A.2d 1156 (1993); *Martens Chevrolet, Inc. v. Seney*, 292 Md. 328, 439 A. 2d 534 (1982). The Plaintiff must prove each of the elements of fraud by clear and convincing evidence. This burden of proof is more strict than the traditional burden of proof in civil cases. *See Gross v. Sussex, Inc.,* 332 Md. 247, 630 A.2d 1156 (1993).

       Plaintiff's allegations are nothing more than bare statements with no specificity or reference to any evidence and does not meet the test for clear and convincing evidence. For instance, Ms. Howard states that her payments were misapplied or not applied at all. The complaint does not state when these occurrences took place, how much of her money was allegedly misapplied. Moreover, Ms. Howard has not proffered any evidence to show the actual intent of the Defendant in these alleged misapplications. Ms. Howard also states that she has paid a total of $94,655.04 of equity in her loan, but fails to state how she arrived at that number. There is no reference to any of the loan origination documents, proof of payment, calculations. Fraud and misrepresentation must be pled with specificity and there is none in this action. As a result, the fraud and misrepresentation count should be dismissed.

### DISMISSAL OF CLAIM ALLEGING VIOLATION OF §13-316.5(c)(2) OF THE MARYLAND CONSUMER PROTECTION ACT

8

Plaintiff cites §13-316.5(c)(2) of the Commercial Law Article of the Maryland Code for the basis of her allegation that the defendant violated the Maryland Consumer Protection Act.  However, §13-316.5(c)(2) of the Commercial Law Article does not exist.

Assuming *arguendo* that Plaintiff raised this count of her complaint pursuant to §13-316(c)(2), Plaintiff still has not stated a claim upon which relief can be granted.  The Commercial Law Article of the Maryland Code, §13-316(c)(2) states: "The contact shall respond in writing to each written complaint or inquiry within 15 days if requested." Plaintiff's complaint does not allege how Litton was allegedly in violation of any provision of the Maryland Consumer Protection Act.  In addition, Plaintiff in her complaint continuously refers to the loan as "predatory" without any support or explanation.

### DISMISSAL OF CLAIM ALLEGING INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiff has alleged in her complaint that she has suffered "Intentional or Negligent Infliction of Emotional Distress."  Complaint at p.4.  The tort of intentional infliction of emotional distress is causing severe mental distress to another by one who engages in extremely outrageous and intentional conduct.  See COMMITTEE ON CIVIL PATTERN JURY INSTRUCTIONS, MARYLAND STATE BAR ASS'N, MARYLAND PATTERN JURY INSTRUCTIONS NO. 15:2 (MICPEL 3d. 1993 and Supp. 1997).  The elements of the tort are (1) that the tortfeasor's conduct was intentional or reckless; (2) that the tortfeasor's conduct was extreme and outrageous; (3) that there is causal connection between the wrongful conduct and the plaintiff's emotional distress; and (4) that the conduct caused emotional distress of a severe nature.  See *Caldor, Inc. v.*

*Bowden*, 330 Md. 632, 625 A.2d 959 (1993); *Batson v. Shiflett*, 325 Md. 684, 602 A.2d 1191 (1992).

In this case, the Plaintiff has failed to allege the elements to form a claim upon which relief can be granted. While the complaint does states that Plaintiff's damages include medical visits to her doctor, it completely fails to describe the severe nature of any injury, be it physical or emotional. Nor has the plaintiff described conduct on the part of the defendant that goes "beyond all possible bounds of decency and . . . be regarded as atrocious, and utterly intolerable in a civilized community." *Kohler v. Shenasky*, 914 F. Supp. 1206, 1212 (D.Md. 1995.) The complaint does not set forth the grounds to satisfy the elements to establish intentional infliction of emotion distress. Therefore, Plaintiff's claim alleging intentional infliction of emotional distress should be dismissed.

As for Plaintiff's attempted claim for negligent infliction of emotional distress, the claim is not itself recognized as a tort. *See Lapides v. Trabbic*, 134 Md.App. 51, 758 A.2d 1114 (*Citing Hamilton v. Ford Motor Credit Co.,* 66 Md.App. 46, 63, 502 A.2d 1057, *cert. denied,* 306 Md. 118, 507 A.2d 631 (1986)). In *Hamilton,* the Court explained "[r]ecovery may be had in a tort action for emotional distress arising out of negligent conduct. In such case, the emotional distress is an element of damage, not an independent tort." *Id*. As Plaintiff's claim for negligent infliction of emotional distress is not even actionable in Maryland, it should be dismissed.

## DISMISSAL OF MOTION/REQUEST TO STRIPOFF AND/OR CRAM DOWN BALLOON PAYMENT

Debtor's property is her primary residence and Litton holds a first priority perfected security interest against the property. Moreover, Litton is the only secured

party that holds a lien against the property. Pursuant to 11 U.S.C. §§ 506(a), such liens are not subject to a "strip off" or "cram down." See *Johnson v. Asset Management Group*, 226 B.R. 364 (D.Md.1998.)

WHEREFORE, for the reasons stated above, it is respectfully requested that this Honorable Court grant Defendant's Motion to Dismiss with prejudice.

Dated:  May 3, 2006

Respectfully submitted,
**Bierman, Geesing & Ward, LLC**

 */s/ Gene Jung, Esq.*
Gene Jung, Esq.

 */s/ John P. Panteleakis, Esq.*
John P. Panteleakis, Esq.
4520 East West Highway, Suite 200
Bethesda, MD  20814
(301) 961-6555
*Attorneys for the Defendant*

## CERTIFICATE OF SERVICE

I certify that on this 5th day of May, 2006, to the extent that the following person(s) were not served electronically via the CM/ECF system, I mailed a copy of the foregoing Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, by first class, postage prepaid, to:

Robert Grossbart, Esq.
One North Charles St.
Blaustein Bldg., Suite 1214
Baltimore, MD  21201

Gerard R. Vetter, Trustee
7310 Ritchie Highway
Suite 715
Glen Burnie, MD 21061-3293

Marilyn Elizabeth Howard
4512 Spring Avenue
Halethorpe, MD  21227

Roy Bostick
4512 Spring Avenue
Halethorpe, MD  21227

Marilyn Elizabeth Howard
1130 Dorchester Avenue
Woodlawn, MD  21207

Roy Bostick
1130 Dorchester Avenue
Woodlawn, MD  21207

                                              */s/ Gene Jung, Esq.*
                                              Gene Jung, Esq.